UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LEN A. WINEBRENNER, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO: 1:16-cv-00348-RLM-SLC |
| | ) |
| GEICO CASUALTY COMPANY, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This case was removed to this Court from the Allen County Superior Court by Defendant GEICO Casualty Company, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (DE 1). The Notice of Removal alleges, among other things, that Plaintiffs Len A. Winebrenner and Kelly J. Winebrenner "are both residents of Indiana." (DE 1 ¶ 3).

But Defendant's jurisdictional allegations with respect to Plaintiffs are inadequate. And as the party seeking to invoke federal diversity jurisdiction, Defendant bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).

The residency of an individual is meaningless for purposes of diversity jurisdiction; an individual's citizenship is determined by his or her domicile. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co.,*

*Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332).

Accordingly, Defendant is ORDERED to supplement the record by filing an amended notice of removal on or before October 14, 2016, that properly alleges the citizenship of Plaintiffs.

SO ORDERED.

Entered this 30th day of September 2016.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge